# IN THE COURT OF APPEALS OF IOWA

No. 24-2059
Filed January 28, 2026

**Leonard E. Harris, Jr.,**
Petitioner–Appellee,

v.

**Brushinta L. Finley,**
Respondent–Appellant.

Appeal from the Iowa District Court for Pottawattamie County,
The Honorable Amy Zacharias, Judge.

**AFFIRMED**

Brushinta L. Finley, Kenosha, Wisconsin, self-represented appellant.

Helen Broadway-Savage of Savage Law, LLC, Council Bluffs,
attorney for appellee.

Considered without oral argument
by Tabor, C.J., Badding, J., and Vogel, S.J.
Opinion by Tabor, C.J.

**TABOR, Chief Judge.**

Brushinta Finley appeals the denial of her motion to set aside the default judgment in a custody matter. Because the district court properly found that she failed to show good cause, we affirm.

## I.      Facts and Background Proceedings

Finley and Leonard Harris share a son, born in 2014. Finley now lives in Wisconsin, while Harris and their son live in Iowa. In spring 2024, Harris registered a 2022 Wisconsin custody order in the Iowa district court, along with a petition to modify its terms. Finley registered with the Iowa electronic document management system (EDMS) and received notice of the proceedings.

In July 2024, the parties attended a telephonic trial scheduling conference, and the court ordered a telephonic pretrial conference set for December 2,[1] warning the parties: "FAILURE TO PARTICIPATE IN THE PRE TRIAL CONFERENCE WILL RESULT IN A DEFAULT JUDGMENT . . . ." The court also set Harris's contempt action, alleging Finley's failure to pay her son's medical costs, to be heard at the same time.

Finley didn't appear for the pretrial conference on December 2. Later that day, the court entered a default judgment awarding Harris custody, ordering Finley to pay monthly child support, and granting Finley supervised

---

[1] At first, the court set the pretrial conference for December 12 but entered a nunc pro tunc order correcting the date to December 2. Finley makes passing reference to confusion about the dates, but the record supports the district court's conclusion that there is no question she had notice of the correct date. To the extent this relates to Finley's due process claim, we find her briefing is too vague and underdeveloped to address it. *See Soo Line R.R. Co. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 691 (Iowa 1994) ("[Appellant's] random mention of this issue, without elaboration or supportive authority, is insufficient to raise the issue for our consideration.").

visitation. Just before midnight, Finley moved to set aside the default judgment, asserting she was unable to attend the hearing because she was sick. Around 1:30 a.m., Finley moved for relief from the child support order.

The court set a hearing on her motion to set aside. Finley appeared and asserted she was hospitalized the night of December 2. The court allowed Finley to file documents after the hearing, and Finley filed a medical record and letters from providers.

Finding that evidence insufficient to show good cause, the court declined to set aside the default judgment. Finley moved to amend and enlarge the denial, but before the court ruled, she filed her notice of appeal, divesting the district court of jurisdiction to hear all but collateral matters. This appeal ensued.

## II.    Standard of Review

We review a ruling on a motion to set aside default judgment for abuse of discretion. *Brandenburg v. Feterl Mfg. Co.*, 603 N.W.2d 580, 584 (Iowa 1999). A court abuses its discretion if there is a lack of substantial evidence to support its ruling. *Id.* But if supported by substantial evidence, the court's factual findings are binding. *Id.* We view the evidence in the light most favorable to the court's ruling. *Id.*

## III.    Discussion

Iowa Rule of Civil Procedure 1.977 (2024) provides: "On motion and for good cause shown, . . . the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty." The party seeking relief must file the motion "promptly after the discovery of the grounds thereof, but not more than 60 days after entry of the judgment." Iowa R. Civ. P. 1.977. The movant bears

3

the burden to prove good cause. *No Boundry, LLC v. Hoosman*, 953 N.W.2d 696, 700 (Iowa 2021). "Good cause is a sound, effective, and truthful reason. It is something more than an excuse, a plea, apology, extenuation, or some justification, for the resulting effect." *Id.* (quoting *Cent. Nat'l Ins. Co. of Omaha v. Ins. Co. of N. Am.*, 513 N.W.2d 750, 754 (Iowa 1994)).

The district court found Finley failed to meet her burden to show a medical emergency furnishing good cause. As the court emphasized, she didn't provide "any proof of [her] medical emergency or that she required medical attention" on December 2. And the court found it "unbelievable" that Finley was too sick to participate in a telephone hearing but was able to file two motions while hospitalized that night.

In her motion to set aside judgment, Finley alleged that "she was dealing with serious health issues" on December 2. She elaborated: "While in cold weather conditions I became extremely ill with a stomach virus, fatigue, along with previous heath conditions, dealing with excruciating pain, and was temporarily bedridden to recover." She later asserted that despite her condition she "made efforts to participate in the proceedings by accessing a laptop to file motions" on EDMS. She also reported being discharged from the hospital on December 3.

When the court provided opportunities for Finley to give proof of her hospitalization, she submitted a screenshot from an online patient portal showing a test sample collected December 3 at 4:40 a.m.,[2] a letter showing

---

[2] The results show a higher-than-normal level on a "D-DIMER" test, which Finley asserts is related to thrombosis and blood clots. Finley does not explain how this test result relates to any symptoms or conditions that would have prevented her from attending the telephonic conference.

she sees a rheumatologist, and a letter from a hospital emergency department stating she "was seen and treated on" December 3.

True, those documents verify that Finley received treatment on December 3. But missing is any connection to her condition on December 2. Her evidence didn't prove that she was too sick to attend a telephone conference that morning. The evidence that she was "discharged" December 3 might support an inference of a medical emergency beginning the day before. But the letter from the emergency department showed only that she "was seen and treated" on December 3 with no corroboration that she was hospitalized on December 2.

In sum, Finley's evidence did not supply a "sound, effective, and truthful reason" for missing the telephone conference. *Cent. Nat'l Ins. Co. of Omaha*, 513 N.W.2d at 754. Rather, this record substantially supports the court's findings of fact. Thus, we find no abuse of its discretion in concluding Finley did not show good cause to set aside the default judgment.

Finley raises several other issues in her opening brief, including that the default judgment conflicts with a Wisconsin restraining order and that Harris failed to properly register the foreign support order. The district court did not address those claims in denying her motion to set aside the default judgment. Finley then flagged those and other issues in her motion to amend and enlarge, but the district court did not rule on them before she filed her notice of appeal. So those issues are not preserved for our review. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

And Finley raises still more issues in her reply brief: a lack of evidence to support facts discussed in Harris's appellee's brief, an objection to hearsay evidence supporting the default judgment, and a lack of evidence for the child

5

support award. Harris moved to strike the reply brief as containing new issues, and Finley resisted. The supreme court ordered the motion to strike be submitted with the appeal.

Because Finley's reply brief is a mixed bag, we grant Harris's motion to strike in part and deny it in part. Because new issues cannot be raised for the first time in a reply brief, we decline to address Finley's claims on hearsay, child support, and other matters not raised in her opening brief. *See Figley v. W.S. Indus.*, 801 N.W.2d 602, 608 (Iowa Ct. App. 2011). But because Finley properly responds to Harris's request for an award of appellate attorney fees, we preserve that portion of the reply brief.

Turning to Harris's request, we may award reasonable attorney fees to the prevailing party on appeal. *See* Iowa Code § 600B.26. That decision rests in our discretion. *In re Marriage of Kisting*, 6 N.W.3d 326, 338 (Iowa Ct. App. 2024). We consider the parties' financial positions relative to each other, the merits of the appeal, and whether one party was required to defend the district court's decision on appeal. *See id.* Although Harris prevailed and was required to defend the judgment, our "controlling consideration[]" is the parties' relative economic conditions. *In re Marriage of Michael*, 839 N.W.2d 630, 639 (Iowa 2013). Finley is unemployed and behind on child support and other expenses. Harris is employed and has the greater ability to pay. Thus, we decline his request.

**AFFIRMED.**